IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-81,109-01




EX PARTE MICHAEL BUNDRA, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 10-CR-3338-D IN THE 105TH DISTRICT COURT
FROM NUECES COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of assault/family
violence and sentenced to ten years’ imprisonment. Applicant filed a motion to dismiss his appeal,
which was granted. Bundra v. State, No. 13-11-134-CR (Tex. App.–Corpus Christi delivered July
28, 2011). 
            Applicant contends that his trial counsel rendered ineffective assistance because he failed to
investigate Applicant’s medical and psychological history. He also alleges that counsel coerced him
into pleading guilty and failed to investigate the complainant’s recantation of her statement that
Applicant assaulted her. He also alleges that his appellate counsel coerced him into dismissing his
direct appeal and waiving his right to file habeas corpus to challenge this conviction.
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant’s claim of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact as to whether Applicant’s waiver of his right to file
habeas corpus in this cause was voluntarily made. If so, the trial court shall make a recommendation
regarding whether this application should be denied based on that waiver. If the trial court
determines that the waiver was not voluntarily made or that the habeas application should not be
denied based on that waiver, then the trial court shall make findings of fact and conclusions of law
as to whether the performance of Applicant’s trial counsel was deficient and, if so, whether counsel’s
deficient performance prejudiced Applicant. The trial court shall also make any other findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s
claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 
 
Filed:  April 16, 2014
Do not publish